In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-1956

MATTHEW WARCIAK,

*Plaintiff-Appellant*,

*v.*

SUBWAY RESTAURANTS, INC.,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16-cv-8694 — **Charles P. Kocoras**, *Judge*.

ARGUED OCTOBER 25, 2017 — DECIDED JANUARY 25, 2018

Before KANNE and SYKES, *Circuit Judges*, and DARROW, *District Judge*.[*]

KANNE, *Circuit Judge*. Should courts apply federal or state law to decide whether a contract's arbitration clause binds a non-signatory? In *Scheurer v. Fromm Family Foods LLC*, we held

[*] The Honorable Sara Darrow, United States District Court for the Central District of Illinois, sitting by designation.

that courts should apply state law. 863 F.3d 748, 750 (7th Cir. 2017). We reiterate that holding here.

## I. BACKGROUND

Matthew Warciak's mother has a T-Mobile cell phone plan. In 2006, she signed an agreement with T-Mobile to begin her service. Then in 2012, she signed another agreement when she purchased a new phone. These agreements each contain arbitration clauses and govern the relationship between Warciak's mother and T-Mobile. Although Warciak himself uses a phone on his mother's plan and is an authorized user who can make changes to the account, he never signed either agreement nor is he otherwise a party to them.

In 2016, Warciak received a spam text message promoting a Subway sandwich. He sued Subway under federal and state consumer protection statutes. Subway moved to compel arbitration. But because Subway and Warciak had never agreed to arbitrate—in fact they had never agreed to anything—Subway based its motion on the agreements between T-Mobile and Warciak's mother.

In the district court, the parties contested whether Warciak could be compelled to arbitrate and whether federal or state law should resolve the dispute. Subway argued that federal estoppel law required Warciak to arbitrate under the arbitration clauses contained in his mother's contracts with T-Mobile. Warciak countered that Illinois estoppel law should apply. And under Illinois law, he argued, he is not bound by his mother's contracts.

The district court applied federal law and granted Subway's motion to compel arbitration. Warciak appealed.

## II. ANALYSIS

The material facts underlying this appeal are undisputed, thus we review the district court's ruling *de novo*. *Scheurer*, 863 F.3d at 751–52.

Generally, a court cannot compel a party to arbitrate a dispute unless that party has agreed to do so. *See United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960); *Scheurer*, 863 F.3d at 752. Nevertheless, some "'traditional principles' of state law allow a contract to be enforced by or against nonparties to the contract." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009) (quoting 21 Williston on Contracts § 57:19 (4th ed. 2001)). These traditional state law principles include: assumption, agency, veil piercing, alter ego, waiver, estoppel, third-party beneficiary, and incorporation by reference. *Scheurer*, 863 F.3d at 752.

Here, Warciak and Subway have not agreed to arbitrate their disputes. Yet Subway argues that promissory estoppel binds Warciak to his mother's agreements with T-Mobile.

We recently clarified that—even in the arbitration context—the court must apply traditional state promissory estoppel principles to decide whether a non-party should be bound by the terms of another's contract. *See Scheurer*, 863 F.3d at 752 ("'traditional principles of state law' govern whether a contract, including an arbitration agreement, is enforceable by or against a non-party" (quoting *Arthur Andersen*, 556 U.S. at 631)). Warciak argues that Illinois law should apply and Subway proposes no alternative. Thus, we apply Illinois law.

Looking to Illinois law, it is clear that Subway cannot rely on estoppel to enforce T-Mobile's arbitration agreement against Warciak. In Illinois, "[a] claim of equitable estoppel

exists where a person, by his or her statements or conduct, induces a second person to rely, to his or her detriment, on the statements or conduct of the first person." *Ervin v. Nokia, Inc.*, 812 N.E.2d 534, 541 (Ill. App. Ct. 2004). Here, Subway cannot show detrimental reliance. In fact, it expressly disclaimed the argument. (R. 21, Reply brief in support of motion to compel arbitration, at 7 ("SUBWAY® is not pursuing arbitration based on a theory of detrimental reliance.").) Having disclaimed the theory and failed to present any evidence that would support it, Subway cannot rely on estoppel to enforce the arbitration agreement against Warciak.

### III. CONCLUSION

Subway sought to enforce against Warciak an arbitration agreement that neither party had signed. Because Illinois promissory estoppel does not bind Warciak to the arbitration agreements between T-Mobile and his mother, we REVERSE the district court's order dismissing Warciak's suit and compelling arbitration and REMAND for further proceedings.